IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


PAULA J. MARTIN,                                    Civ. No. 05-842-AA

           Plaintiff,                               OPINION AND ORDER

      v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

           Defendant.
_____

Alan Stuart Graf
1020 S.W. Taylor Street, Suite 230
Portland, OR  97205
      Attorney for plaintiff

Karen J. Immergut
United States Attorney
District of Oregon
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

1 - OPINION AND ORDER

David J. Burdett
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, MS 901
Seattle, WA  98104-7075
    Attorneys for defendant

AIKEN, Judge:

Plaintiff Paula Martin brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner denying her application for disability insurance benefits under Title II of the Act.  For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On October 29, 2001, plaintiff filed an application for disability insurance benefits, which was denied initially and on reconsideration.  Tr. 36-47, 53-56.  After timely requesting an administrative hearing, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ) on June 17, 2004.  Tr. 48-49, 350-81.  On August 27, 2004, the ALJ issued a decision finding that plaintiff was able to perform her past relevant work, and that she had not established disability at any time prior to the expiration of her insured status on December 31, 2002.  Tr. 13-25.  On 2004, the Appeals Council denied claimant's request for review, rendering the ALJ's decision as the final agency decision.  Tr. 6-8.  Plaintiff now seeks judicial review.

As of December 31, 2002, plaintiff's last insured date, she

2 - OPINION AND ORDER

was fifty years old, with fourteen years of education and past relevant work experience as a bookkeeper, manager, bartender, and teacher-model.  Tr. 17, 71.  Plaintiff alleges disability since October 29, 2000 due to pain, fatigue, and muscle spasms associated with fibromyalgia.  Tr. 65.

### STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).  The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardener, 452 F.2d 855, 858 n.7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record and substantial evidence.  Cequerra v. Sec'y of Health & Human Servs., 933 F.2d 735, 738 (9th Cir. 1991).  The findings of the Commissioner as to any fact, if supported by substantial evidence,

shall be conclusive.  42 U.S.C. § 405(g).    Under sentence four of 42 U.S.C. § 405(g), the court may enter judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1502.  At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability.  Tr. 17; 20 C.F.R. § 404.1520(b).

At steps two and three, the ALJ determined that plaintiff's fibromyalgia was a "medically severe impairment," but that it did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity."  Tr. 18-19; 20 C.F.R. § 404.1520(c) and (d).

At step four, the ALJ found that plaintiff retained the residual functional capacity to perform a wide range of light work, and that plaintiff was able to perform her "past relevant work" as a bookkeeper/manager.  Tr. 19-23; 20 C.F.R. § 404.1520(e).  Thus, the ALJ did not proceed to step five, where the burden shifts to the Commissioner to establish that the claimant can perform other work existing in substantial numbers in the national economy. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. § 404.1520(e) and (f). Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Act.  Tr. 23-25.

## DISCUSSION

A.  The ALJ Properly Evaluated Plaintiff's Testimony

Plaintiff claims that the ALJ erred in rejecting her subjective complaints of pain and fatigue.  Plaintiff's specific allegations of numerous severe limitations resulting from pain and fatigue are contained throughout the record, and the court will not recite them here.  Tr. 88-98, 111-114, 115-118, 129-34, 365-75.  At the administrative hearing, plaintiff testified that on a bad day, her pain is 8 or 9 on a scale of 10, and lifting any object - such as a teaspoon - causes unbearable pain.  Tr. 366.  Plaintiff testified that on a good day she can walk on a treadmill for fifteen minutes twice a day, but on a bad day she cannot walk at all.  Tr. 369.  On bad days, plaintiff testified that she spends most of her time in a chair or in bed.  Tr. 366-67.

When objective medical evidence supports the nature of the symptoms alleged and no evidence of malingering is found, the ALJ may reject a plaintiff's testimony regarding the severity of symptoms by identifying clear and convincing reasons supported by substantial evidence in the record. Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). However, the ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991). In determining a claimant's credibility the Commissioner may consider:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

Smolen, 80 F.3d at 1284.

The ALJ found plaintiff's testimony not credible for several reasons. First, the ALJ accurately found that plaintiff's complaints of pain and fatigue were "exaggerated" and extreme in nature, and that plaintiff reported none of these extreme limitations to any physician. Tr. 20, 22. In fact, plaintiff reported improvement in her condition to several medical providers. Tr. 22, 314, 325. Second, the ALJ noted that plaintiff asserted an inability to pursue modeling jobs in 1998 and 1999 because of pain

and fatigue and suggested that her move to Oregon in 1998 coincided with the onset of her fibromyalgia. Tr. 65, 72, 306, 361. However, medical reports in 1998 and 1999 reflect no complaints of pain or health problems. Tr. 185-86. Additionally, the ALJ noted other inconsistencies in plaintiff's statements regarding medication side-effects. Tr. 22, 114. I find these reasons clear and convincing and supported by substantial evidence of record.

The ALJ also discounted plaintiff's testimony because her daily activities were inconsistent with her allegations of disability. I recognize that the Act does not require that claimants be incapacitated to be eligible for benefits, Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989), because "many home activities are not transferable to a work environment where it might be impossible to rest periodically or take medication." Smolen, 80 F.3d at 1287, n.7. Here, however, the ALJ did not err in finding that plaintiff's activities were inconsistent with her allegations of extreme pain and fatigue. For example, plaintiff traveled to Mexico on at least three occasions during the period of alleged disability, an activity directly at odds with her complaints of unrelenting and disabling pain. Tr. 95, 123, 130, 170, 181, 273, 370. Further, plaintiff grocery shops, creates scrapbooks, and shares household tasks with her husband, who has arthritis and a prosthetic leg. Tr. 103, 105-06, 367, 373.

Because this court must determine only whether there is

substantial evidence in the record to support the ALJ's findings, Hammock, 879 F.2d at 501, I find that the ALJ provided legally sufficient reasons to support his determination that plaintiff's activities are inconsistent with the level of disability alleged by plaintiff. Accordingly, I find no error in the ALJ's credibility determination.

B.  The ALJ Properly Evaluated the Medical Evidence

Plaintiff next argues that the ALJ committed legal error in rejecting the opinion of N. Paul Hudson, M.D., a treating physician. At plaintiff's request, Dr. Hudson completed a Physical Residual Functional Capacity Questionnaire, i.e., a checklist of symptoms and questions, prepared by plaintiff's counsel. Dr. Hudson opined that plaintiff's medical condition was consistent with her allegations of severe pain, fatigue, and restrictions on her ability to perform any type of work activity. Tr. 224-27. The ALJ rejected the conclusion of Dr. Hudson, on grounds that it was in the form of a checklist based on plaintiff's subjective complaints and unsupported by specific medical findings. Tr. 20. Further, the ALJ found that the nature and severity of plaintiff's restrictions specified in the questionnaire were not reflected in Dr. Hudson's clinical notes or findings. Tr. 20. Finally, the ALJ found that Dr. Hudson's opinion conflicted with other evidence of record that noted improvement in plaintiff's condition. Tr. 20.

The medical opinion of a claimant's treating physician is

entitled to special weight and deference because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." Rodriguez v. Bowen, 876 F.2d 759, 761 (9th Cir. 1989). The ALJ may reject the uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons supported by substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion with specific and legitimate reasons. Andrews, 53 F.3d at 1043.

I find that the ALJ provided legally sufficient reasons to reject Dr. Hudson's opinion as stated in the questionnaire. As noted by the ALJ, the questionnaire consists of fourteen pages summarizing plaintiff's subjective complaints of pain and associated limitations, along with boxes to indicate whether the litany of complaints are consistent with plaintiff's medical condition. Tr. 129-34, 215-29. The ALJ did not err in finding that Dr. Hudson's clinical notes do not document, report, or reflect the complaints or limitations described in the questionnaire. Tr. 317-19. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998).

Further, Dr. Hudson's findings are inconsistent with plaintiff's reports of improvement. Tr. 314, 325. For example, on December 31, 2002, at the expiration of her insured status, plaintiff reported to treating physician Dr. Powley that "she feels she is doing pretty well," but that her husband was pushing plaintiff to try alternate remedies and obtain a second opinion. Tr. 325. On May 28, 2003, plaintiff reported that she was better able to perform daily activities without pain, that she was sleeping well, and that she did not have any shoulder pain. Tr. 314. No medical evidence of record contains the number, nature, and quantity of complaints listed in the questionnaire. Tr. 145-46, 158, 171, 209. In other words, the record does not reflect that plaintiff reported to medical providers the severe restrictions she described in the questionnaire to support her disability claim.

Further, the ALJ found that Dr. Hudson relied primarily on plaintiff's subjective complaints of pain as stated in the questionnaire, complaints the ALJ found "overly exaggerated." Tr. 20. A "physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of [her] symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'" Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) (quoting Fair, 885 F.2d at 605). This is particularly true in cases alleging disability due to

10 - OPINION AND ORDER

fibromyalgia, a disease that "is diagnosed entirely on the basis of patients' reports of pain and other symptoms." Benecke v. Barnhart, 379 F.3d 587, 590 (9th Cir. 2004). As explained above, the ALJ did not err in finding plaintiff's complaints less than credible.

In sum, I find that the ALJ provided clear and convicting reasons to reject the opinion of Dr. Hudson, and that those reasons are supported by substantial evidence in the record.

C.  The ALJ Properly Evaluated the Lay Witnesses' Testimony

Finally, plaintiff argues that the ALJ erred in discrediting the her husband's statements regarding plaintiff's limitations and daily activities.

An ALJ must consider the statements of family and friends. Smolen, 80 F.3d at 1288. "Descriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Bilby v. Schweiker, 762 F.2d 716, 719 n.3 (9th Cir. 1985)). The ALJ can reject the testimony of lay witnesses only by providing reasons germane to each witness. Smolen, 80 F.3d at 1288.

In finding the statements of plaintiff's husband unreliable, the ALJ noted that plaintiff's husband was also disabled by virtue of right leg amputation and arthritis. Thus, the ALJ found it questionable that plaintiff's activities were as limited as

reported or that plaintiff relied on her husband to the extent claimed. Tr. 23. As required by <u>Smolen</u>, the ALJ gave germane reasons to discount the statements of plaintiff's husband.

**CONCLUSION**

Substantial evidence in the record supports the ALJ's findings and conclusion that plaintiff is not disabled under the Act. Therefore, the decision of the Commissioner is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this ___17___ day of April, 2006.


_____/s/ Ann Aiken_____
Ann Aiken
United States District Judge

12 - OPINION AND ORDER